UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X

TZIPPA B WEINBERGER,                    Civil Action No.:

                      Plaintiff,

-against-                               **COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

DELL FINANCIAL SERVICES,

                      Defendants.
------------------------------------------------------------X

Plaintiff, TZIPPA B WEINBERGER ("Plaintiffs"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel,, as and for its Complaint against the Defendant, DELL FINANCIAL SERVICES (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

## PARTIES

2. Plaintiff TZIPPA B WEINBERGER is a resident of the State of New Jersey, residing at 101 East Harvard Road, Lakewood, New Jersey 08701.

3. Defendant DELL FINANCIAL SERVICES is a TEXAS corporation with an address located at 12234 North Interstate 35, Austin, TX 78753.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC §227 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "5" herein with the same force and effect as if the same were set forth at length herein.

7. On or about April 18th, 2016, Defendant began communicating with Plaintiff by means of telephone calls to the Plaintiff's mobile telephone number of 732-282-4710.

8. Commencing on May 18th 2016 Plaintiff received 101 calls to telephone number 732-282-4710.

9. In regard to the Plaintiff's second mobile phone number of 732-282-0020, the Defendant called 66 times commencing on August 1st 2016.

10. On April 18th 2016 The Plaintiff's husband called into the Defendant in regards to the phone calls and was connected with a male representative. Mr. Weinberger gave the representative his social security number to access the account.

11. The representative located the account and explained that this was an attempt to collect a debt.

12. Mr. Weinberger requested at this time that if he was to receive any more calls that the calls should be made by a live person, and not be autodialed.

13. The representative stated that Mr. Weinberger's account was current so he would not be able to help him with that request. However, he would transfer him over to customer service and someone there should be able to help him.

14. When the call reconnected this time, it was with a female representative.

15. The representative confirmed the account information and gave Mr. Weinberger an account balance of $645.67.

16. Mr. Weinberger then requested that if any problems should arise with his account he would like a live person to contact him and to not be contacted via text or automated dialer.

17. The representative stated she would note his request on the account and the call was concluded.

18. Despite Mr. Weinberger's request, as per the phone call placed to the Defendant April 18th 2016, the Plaintiff continued to receive autodialed phones calls from the Defendant, which totaled 167 calls.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make

any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice---(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

21. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

22. Defendant is in violation of the TCPA paragraphs 139 (3) having used their calls for debt collection and (7), failing to honor Plaintiffs' desire to opt out of both text and telephone communications despite Plaintiff's clear, unequivocal and repeated requests that such automatic calls cease.

23. With the autodialed calls to Plaintiff's telephone commencing on or about May 18th 2016 and continuing at a rate of approximately (167) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

24. The Defendant, having been informed that Plaintiff requested that no further autodialed calls be received, willfully violated the TCPA at least (167) times.

25. Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

26. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows;

A. For statutory damages provided and pursuant to 47 U.S.C. Section 227 et. Seq.;

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C. A declaration that the Defendant's practices violated the TCPA;

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:     July 27, 2017

                                        Respectfully submitted,

*/s/ Edward B. Geller*

**EDWARD B. GELLER, ESQ.**
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

**M. HARVEY REPHEN & ASSOCIATES, P.C.**
**15 LANDING WAY**
BRONX, NEW YORK 10464
TEL:(914)473-6783

*Attorney for the Plaintiff* TZIPPA B WEINBERGER

To:    DELL FINANCIAL SERVICES
       12234 NORTH INTERSTATE 35 SUITE 35B
       AUSTIN, TX 78753
*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608
*(Via Electronic Court Filing)*